# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>U.S. Office of Personnel Management<br>1900 E Street NW<br>OPIM/FOIA Room 5H35<br>Washington, DC 20415-7900,<br>　　　　　　　　　Defendant. | Case No. 24-cv-0386 |

## COMPLAINT

1.  Plaintiff American Oversight brings this action against the U.S. Office of Personnel Management under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §§1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the

agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant Office of Personnel Management (OPM) of the U.S. government is headquartered in Washington, DC, and is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The agency has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      On October 21, 2020, former President Trump signed an executive order creating "Schedule F" in the Excepted Service, which allowed for the potential to reclassify large sections of the federal workforce to a new category,[1] stripping many career federal

---

[1] *Executive Order on Creating Schedule F In the Excepted Service*, The White House, Oct. 21, 2020, *available at* https://trumpwhitehouse.archives.gov/presidential-actions/executive-order-creating-schedule-f-excepted-service.

employees of due process protections and potentially creating a system where formerly merit-based positions are awarded based on political loyalty.[2]

8. Although the current Administration has issued an executive order which, among other things, revokes Excepted Service Schedule F,[3] significant public concerns remain relating to the possibility of the implementation of a plan identical or substantially similar to "Schedule F" in the event a future administration seeks to revive the plan.[4]

9. The documents American Oversight seeks have potential to shed light on the creation of "Schedule F" as well as what the implementation of a Schedule F plan might look like for affected civil servants.

### 2020 Requests

10. On October 28, 2020, American Oversight submitted two FOIA requests to Defendant relating to Schedule F.

### 2020 White House Communications Request

11. American Oversight's first 2020 FOIA request to OPM, bearing internal tracking number OPM-20-2676, sought email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar invitation attachments) sent

---

[2] Nicole Ogrysko, *New Executive Order Could Strip Civil Service Protections from 'Wide Swaths' of Federal Workforce*, Fed. News Network (Oct. 22, 2020, 4:24 PM), https://federalnewsnetwork.com/workforce/2020/10/new-executive-order-may-reclassify-wide-swaths-of-career-positions-as-political-appointees.
[3] *Executive Order on Protecting the Federal Workforce*, The White House, Jan. 22, 2021, https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/22/executive-order-protecting-the-federal-workforce.
[4] Allan Smith, *The Fight to Stop a Cornerstone of Trump's Retribution Agenda is Underway*, NBC News (Dec. 21, 2023, 6 AM), https://www.nbcnews.com/politics/2024-election/trump-schedule-f-executive-order-stop-civil-servants-government-rcna128003.

between the following agency officials and the White House's Presidential Personnel Office, including but not limited to the personnel listed below:

<u>Agency Officials</u>:
i. Michael Rigas, Acting Director
ii. Basil Parker, Chief of Staff
iii. George Nesterczuk, Senior Advisor
iv. Paul Dans, White House Liaison and Senior Advisor

<u>White House Personnel</u>:
a. John McEntee
b. Matthew Buckham
c. Spencer Chretien
d. Richard Manjarres
e. James Bacon
f. John Troup Hemenway
g. Jordan Hayley
h. James Sherk

12. For this request, American Oversight requested that OPM provide all responsive records from August 1, 2020, through the date the search was conducted.

13. Also on October 28, 2020, OPM's Freedom of Information Act Requester Service Center via email acknowledged receipt of American Oversight's FOIA request.

14. On November 25, 2020, American Oversight received an email from the Requester Service Center assigning the request a tracking number, OPM Request 2021-01086, and granting American Oversight's request for a fee waiver.

15. On the same day, approximately one hour after American Oversight received the email referencing an assigned tracking number and granting American Oversight's fee waiver request, American Oversight received an email from the Requester Service Center recalling that email.

16. American Oversight has not received any further communication from the Defendant relating to the 2020 White House Communications Request.

*2020 Key Terms Request*

17. American Oversight's second 2020 FOIA request to OPM, bearing internal tracking number OPM 20-2678, sought all email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar invitation attachments) sent by the same agency officials listed in the 2020 White House Communications Request and containing the following key terms:

   a. "Schedule F"
   b. "Sched F"
   c. "policy-advocating"
   d. "policy-determining"
   e. "policy-related work"
   f. "regularly working with"
   g. 13957
   h. Loyal
   i. Disloyal
   j. "Never Trump"
   k. "deep state"

18. American Oversight requested that OPM provide all responsive records from June 1, 2020, through the date the search was conducted.

19. On October 28, 2020, OPM's Freedom of Information Act Requester Service Center acknowledged receipt of American Oversight's FOIA request via email.

20. On November 25, 2020 via email, the Requester Service Center assigned the request a tracking number, OPM Request 2021-01087, and granted American Oversight's request for a fee waiver.

21. American Oversight has not received any further communication from the Defendant relating to the 2020 Key Terms Request.

*2023 Requests*

22. On April 26, 2023, American Oversight submitted three new FOIA requests to Defendant relating to Schedule F.

*2023 White House Communications Request*

23. American Oversight's first 2023 FOIA request to OPM, bearing internal tracking number OPM-23-0390, sought email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar invitation attachments) sent between the following former agency officials and former White House personnel:

Agency Officials:
i. Michael Rigas, Acting Director
ii. Basil Parker, Chief of Staff
iii. George Nesterczuk, Senior Advisor
iv. Paul Dans, White House Liaison and Senior Advisor

White House Personnel:
a. John McEntee
b. Andrew Kloster
c. Matthew Buckham
d. Spencer Chretien
e. Richard Manjarres
f. James Bacon
g. John Troup Hemenway
h. Jordan Hayley
i. James Sherk

24. American Oversight requested that OPM provide all responsive records from the date the search for the 2020 White House Communications Request was conducted, through January 20, 2021.

25. On May 2, 2023 via email, OPM's Freedom of Information Act Requester Service Center asked American Oversight whether OPM could combine processing of the 2023 White House Communications Request and the 2023 Key Terms request listed below.

26. On May 10, 2023 via email, American Oversight requested that OPM process the two requests separately.

27. Also on May 10, 2023, OPM's Freedom of Information Act Requester Service Center acknowledged receipt of the 2023 White House Communications Request and assigned it tracking number 23-CIO-0354-F.

28. On the same day, OPM sought confirmation from American Oversight via email that the 2023 White House Communications Request did not contain specific key terms to be searched.

29. On the same day, American Oversight confirmed via email that the 2023 White House Communications Request did not contain search terms, but instead sought communications between specified parties.

30. On July 17, 2023, American Oversight emailed OPM requesting the status of the 2023 White House Communications Request.

31. American Oversight has not received any further communication from the Defendant relating to the 2023 White House Communications Request.

*2023 Key Terms Request*

32. American Oversight's second 2023 FOIA request to OPM, bearing internal tracking number OPM 23-0391, sought all email communications (including emails, complete email chains, email attachments, calendar invitations, and calendar invitation attachments) sent by the same agency officials listed in the 2023 White House Communications Request and containing the following specific key terms:[5]

---

[5] The key terms were inadvertently omitted from the initial request, but the terms were clarified in a May 10, 2023 email from American Oversight to the Defendant.

  a. "Schedule F"
  b. "Sched F"
  c. "policy-advocating"
  d. "policy-determining"
  e. "policy-related work"
  f. "regularly working with"
  g. 13957
  h. Loyal
  i. "Never Trump"
  j. "deep state"

33. American Oversight requested that OPM provide all responsive records from the date the search for the 2020 Key Terms Request was conducted, through January 20, 2021.

34. On May 2, 2023 via email, OPM's Freedom of Information Act Requester Service Center asked American Oversight whether OPM could combine processing for the 2023 Key Terms Request with the 2023 White House Communications Request.

35. On May 10, 2023 via email, American Oversight requested that OPM process the two requests separately.

36. On May 10, 2023, OPM's Freedom of Information Act Requester Service Center acknowledged receipt of American Oversight's FOIA request and assigned it tracking number 23-CIO-0355-F.

37. Also on May 10, 2023, American Oversight provided via email the ten key terms that were inadvertently omitted from the 2023 Key Terms Request.

38. On July 17, 2023, American Oversight sent an email to OPM requesting the status of the 2023 Key Terms Request and again confirming that the search for records responsive to the request should include the ten key terms provided in American Oversight's May 10, 2023 email.

39. American Oversight has not received any communication from the Defendant relating to the 2023 Key Terms Request.

*2023 Guidance and Dissent Request*

40.	American Oversight's third 2023 FOIA request to OPM, bearing internal tracking number OMB-23-0392, sought "records reflecting any guidance or direction concerning the creation or use of Schedule F in the excepted service, including that created by anyone internal or external to your agency" as well as "[a]ny formal or informal documents expressing dissent (such as formal memoranda, ethics complaints, informal email communications) regarding the creation or use of Schedule F in the excepted service, including but not limited to anything sent to your agency's General Counsel, ethics office, or senior leadership."

41.	American Oversight requested that OPM provide all responsive records from June 1, 2020, through January 20, 2021.

42.	On May 1, 2023, OPM's Freedom of Information Act Requester Service Center acknowledged receipt of American Oversight's FOIA request, assigned it tracking number 23-ES-0337-F, and granted American Oversight's fee waiver request.

43.	On August 11, 2023, Defendant sent an email updating the request's tracking number to 23-OPM-0337-F, and providing a new point of contact for the request.

44.	American Oversight has not received any communication from the Defendant relating to the 2023 Guidance and Dissent Request.

*Exhaustion of Administrative Remedies*

45.	As of the date of this Complaint, Defendant has failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendant intends to produce or withhold and the reasons for

9

any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

46. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

47. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48. American Oversight properly requested records within the possession, custody, and control of Defendant.

49. Defendant is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

50. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

51. Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

52. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

53. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

54. American Oversight properly requested records within the possession, custody, and control of Defendant.

55. Defendant is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

56. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

57. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

58. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

59. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 8, 2024

Respectfully submitted,

*/s/ Khahilia Shaw*
Khahilia Shaw
D.C. Bar No. 1616974

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 539-6507
khahilia.shaw@americanoversight.org

*Counsel for Plaintiff*